**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID CASSELL, | |
| Appellant | No. 1300 EDA 2015 |

Appeal from the Judgment of Sentence Entered April 2, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007673-2014

BEFORE:  BENDER, P.J.E., OLSON, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED OCTOBER 21, 2016**

Appellant, David Cassell, appeals from the judgment of sentence of a one year term of probation, imposed after he was convicted, following a non-jury trial, of aggravated assault and simple assault.  On appeal, Appellant argues, *inter alia*, that the trial court erred by convicting him of aggravated assault as a felony of the second degree, where the criminal information charged that offense as a felony of the first degree.  After careful review, we affirm.

The trial court set forth the facts and procedural history of this case, as follows:

> On June 7, 2014, at approximately 4:30[]p.m., Philadelphia Police Officer Andrew Monroe and his unidentified

---

[*] Former Justice specially assigned to the Superior Court.

partner were in full uniform, assisting Inspector Murphy (first name not given) of the Department of Licensing & Inspections (L&I) in shutting down illegal businesses along Woodland Avenue. As they were traveling up Woodland Avenue from 58th Street, Inspector Murphy approached [Appellant] as he was walking eastbound down Woodland Avenue with a "Fred's Water Ice" cart. [Appellant] became irate by his conversation with Inspector Murphy and began pointing his finger in the Inspector's face. [Appellant's] finger was approximately two (2) inches from her face and he was saying[,] "You're not taking my f***ing cart." Officer Monroe then approached [Appellant] to explain the procedure to get his cart back and to ask him to stop yelling and to calm down. Instead of calming down, [Appellant] began pointing his finger in Officer Monroe's face. After asking [Appellant] several times to move his hand away, Officer Monroe took his own hand to move [Appellant's] hand away from his face. [Appellant] then smacked the officer's hand and with a closed fist, bladed his body, and threw a punch at Officer Monroe. Officer Monroe was able to stop the punch from hitting him by blocking [Appellant's] fist with his own hand. Officer Monroe immediately grabbed [Appellant] and placed him on the ground. [Appellant] struggled and it took both officers to handcuff [Appellant].

A stipulation by and between counsel was entered indicating that if Pastor Moses Dennis was called to testify[,] he would state that he has known [Appellant] for seven (7) years and that he knows other people in the community that know [Appellant]. He has talked to other people in the community about [Appellant] and [Appellant] has a reputation for being a lawful, peaceful citizen.

[Appellant] did not testify or present additional evidence.

[Appellant] was convicted of aggravated assault and simple assault and was sentenced to twelve (12) months of probation on the aggravated assault charge. The simple assault conviction merged for purposes of sentencing.

\*\*\*

[Appellant] filed a Notice of Appeal to the Superior Court. On August 5, 2015, this court filed an Order requesting [Appellant] to file a Statement of [Errors] Complained of on Appeal pursuant to Pa. R.A.P. … 1925(b). On September 8,

2015, a Statement of Errors … was filed on behalf of [Appellant].[4]

> [4] Due to a clerical error, the August 5, 2015 order from this court was misplaced. On September 8, 2015, defense counsel filed a *Petition to Accept Statement of Errors Nunc Pro Tunc* which was granted the next day.

Trial Court Opinion (TCO), 11/16/15, at 1-3

Herein, Appellant presents one question for our review:

Did not the lower court err in finding [Appellant] guilty of aggravated assault as a felony of the second degree when the Commonwealth specified on the bill of information that it was pursuing the charge of aggravated assault only as a felony of the first degree, and did not the lower court err in permitting amendment of the bill to aggravated assault as a felony of the second degree after the court had already found [Appellant] guilty of that charge?

Appellant's Brief at 3.

Appellant's issue contains two sub-claims. First, he avers that it was impermissible for the trial court to convict him of aggravated assault as a felony of the second degree (hereinafter, "F2") where the criminal information charged that offense only as a felony of the first degree (hereinafter, "F1"). Second, he argues that the court erred by permitting the Commonwealth to amend the criminal information, after a verdict was reached, to reflect that the aggravated assault charge was an F2 offense. For the reasons stated *infra*, both of these claims are meritless.

Our Supreme Court has explained that "[a] criminal information[, also called an indictment,] is not constitutionally infirm if it notified the defendant of the crime with which he is charged." ***Commonwealth v. Jones***, 912 A.2d 268, 289 (Pa. 2006). Moreover,

[i]ndictments must be read in a common-sense manner, and are not to be construed in an overly technical sense. At an earlier stage of legal development, indictments were strictly and technically construed, and the slightest imprecision in wording was often considered incurable error. Today, however, such arguments are unpersuasive. This Court has upheld criminal indictments possessing a flaw and found them to be constitutional because they put the defendant on sufficient notice of the charge against him or her.

*Id.*

In this case, Appellant maintains that the criminal information charged him *only* with F1 aggravated assault and, thus, he was not properly notified that he had to defend against a charge of F2 aggravated assault. After careful review of the record, we disagree.

The crime of aggravated assault is defined, and graded, in 18 Pa.C.S. § 2702. That statute states, in pertinent part:

**(a) Offense defined.--**A person is guilty of aggravated assault if he:

\*\*\*

(2) attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c) [(including a police officer)] or to an employee of an agency, company or other entity engaged in public transportation, while in the performance of duty;

(3) attempts to cause or intentionally or knowingly causes bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c) [(including a police officer)], in the performance of duty;

(4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon;

\*\*\*

(6) attempts by physical menace to put any of the officers, agents, employees or other persons enumerated in subsection (c), while in the performance of duty, in fear of imminent serious bodily injury;

**\*\*\***

**(b) Grading.--**Aggravated assault under subsection (a)(1), (2) and (9) is a felony of the first degree. Aggravated assault under subsection (a)(3), (4), (5), (6), (7) and (8) is a felony of the second degree.

18 Pa.C.S. § 2702.

Here, the criminal information charged Appellant with aggravated assault and stated "(F1)" after that offense. **See** TCO at 4 (quoting the criminal information) (emphasis added).[1]   However, the criminal information only generally cited to 18 Pa.C.S. § 2702(a) - without identifying the specific, applicable subpart of that provision - and described Appellant's alleged conduct, as follows:

Attempted to cause or intentionally, knowingly or recklessly did cause, serious bodily injury to an officer, agent, employee or other person enumerated in 18 Pa.C.S. 2702(c), or to an employee of an agency, company or other entity engaged in public transportation, while in the performance of duty; and/or **attempted to cause, or intentionally or knowingly did cause bodily injury to an officer, agent, employee or other person enumerated in 18 Pa.C.S. 2702(c), in the performance of a duty**; and/or attempted to cause, or intentionally or knowingly did cause, bodily injury to another with a deadly weapon; and/or attempted by physical menace to put an officer, agent, employee or other person enumerated in 18 [P]a.[C].[S]. 2702(c), while in the performance of a duty, in

_____

[1] The criminal information is not contained in the certified record.  Appellant does not take issue with the accuracy of the court's quotation from that document in its opinion.

fear of imminent serious bodily injury; Victim: Officer Andrew Monroe[.]

*Id.* (emphasis added).

We conclude that the above-emphasized language of the criminal information was adequate to notify Appellant that he could potentially be convicted of an F2 aggravated assault. That language specifically directed Appellant's attention to the F2 aggravated assault offense defined in section 2702(a)(3), which is proven when there is an attempt to cause bodily injury. Furthermore, the record demonstrates that Appellant understood that he faced the F2 charge, as his counsel explicitly acknowledged in closing arguments that the F2 aggravated assault charge was applicable, and then explained why the evidence failed to demonstrate that Appellant had attempted to cause bodily injury to Officer Monroe. **See** N.T. Trial, 4/2/13, at 25-30. Therefore, we ascertain no reversible error in the court's convicting Appellant of F2 aggravated assault.

We also discern no merit to Appellant's claim that the court erred by permitting the Commonwealth to amend the criminal information after the verdict was read. That amendment simply corrected the information to read "(F2)" where it had originally stated "(F1)" after the listed "aggravated assault" offense. **See id.** at 33. For the reasons stated *supra*, no amendment of the criminal information was necessary to validate the verdict of F2 aggravated assault. Again, the totality of the language contained in the criminal information placed Appellant on notice that he faced that charge, and the record confirms that he specifically defended against the

crime of F2 aggravated assault. Consequently, even if allowing the post-verdict amendment was error (which we need not decide herein), Appellant cannot demonstrate any resulting prejudice. *See Commonwealth v. Veon*, 109 A.3d 754, 768 (Pa. Super. 2015) (stating that relief for an erroneous amendment to a criminal information "is only proper where the amendment prejudices the defendant").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/2016